Thomas A. Matthews
Kenneth G. Schoolcraft, Jr.
Matthews & Zahare, P.C.
431 W. 7th Ave., Suite 207
Anchorage, Alaska  99501
Phone: (907)276-1516
Fax:   (907)276-8955
Tom.matthews@matthewszahare.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GREGORY BARNETT ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | 3:06:cv:_____ ____ |
| ) | |
| GEORGE R. LUNDQUIST, INLET ) | |
| FISH PRODUCERS, INC., and ) | |
| WILD PACIFIC SALMON, INC., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**COMPLAINT**

Plaintiff Gregory Barnett, through his lawyers Matthews & Zahare, P.C., alleges as follows:

1. This Court has jurisdiction over the parties and the subject matter pursuant to 28 U.S.C. 1332(a) and 1333, and the admiralty and maritime jurisdiction of this Court.  This Complaint asserts Fed. R. Civ. P. 9(h) admiralty and maritime claims.

2. Plaintiff is a resident of the state of Tennessee.

3. At all times relevant hereto, Defendant George R. Lundquist was a

resident of the state of Alaska, the owner of the F/V KOOSHDA-KAA, O.N. 635736, and the employer of its master and crew, including Plaintiff Barnett.

4. At all times relevant hereto, Defendant Inlet Fish Producers, Inc., was a corporation incorporated in the state of Alaska with its principal place of business in the state of Alaska, and leased and operated a fish processing facility (hereinafter "the fish processing facility") in or near Kenai, Alaska.

5. At all times relevant hereto, Defendant Wild Pacific Salmon, Inc., was a corporation incorporated in the state of Washington, with its principal place of business in the state of Alaska, and leased the fish processing facility in or near Kenai, Alaska.

6. At all times relevant hereto, the F/V KOOSHDA-KAA was engaged in the salmon fisheries in Cook Inlet, Alaska, and licensed as a salmon fishing vessel.

7. In or about June 2004, Defendant Lundquist hired Plaintiff to work aboard the F/V KOOSHDA-KA as a fishery crewman.

8. On or about July 19, 2004, while returning to the F/V KOOSHDA-KAA with supplies for the vessel and transiting from the fish processing facility's dock to the fish processing facility's float via the fish processing facility's gangway, from which he intended to take a skiff to the F/V KOOSHDA-KAA, Plaintiff was injured when a portion of the gangway gave way, causing Plaintiff to fall.

**COUNT I (MAINTENANCE, CURE AND UNEARNED WAGES)**

9. Plaintiff realleges and incorporates by reference his allegations set forth in paragraphs 1 through 8 above.

10. Plaintiff was a seaman aboard the F/V KOOSHDA-KAA and he was injured while working in the service of the vessel.  Plaintiff is entitled to receive maintenance, cure, and unearned wages from Defendant Lundquist.

11. Defendant Lundquist has provided Plaintiff with neither maintenance, cure, nor unearned wages.

12. Plaintiff is entitled to judgment against Defendant Lundquist for maintenance, cure, and unearned wages in an amount to be proven at the time of trial in excess of $75,000.

## COUNT II (ATTORNEY'S FEES FOR FAILURE TO PAY MAINTENANCE, AND CURE)

13. Plaintiff realleges and incorporates by reference his allegations set forth in paragraphs 1 through 12 above.

14. Defendant Lundquist has paid Plaintiff no maintenance or cure despite being liable therefore.

15. Because of Defendant Lundquist's failure to pay maintenance, or cure, Plaintiff has retained the services of an attorney in order to recover such.

16. Defendant Lundquist's failure to pay maintenance and cure is willful, in bad faith, and in complete disregard of Plaintiff's rights.

17. As a result of Defendant Lundquist's failure to pay Plaintiff maintenance and cure, Plaintiff is entitled to judgment against Defendant Lundquist for attorney's fees in an amount in excess of $50,000.

## COUNT III (JONES ACT NEGLIGENCE)

18. Plaintiff realleges and incorporates by reference his allegations set forth in paragraphs 1 through 17 above.

19.  The master of the F/V KOOSHDA-KAA acted negligently and in violation of 46 USC § 688 by, among other matters, not providing for reasonable egress to the F/V KOOSHDA-KAA. Moreover, the owner of the F/V KOOSHDA-KAA was negligent in failing to pay Plaintiff maintenance, cure, and all unearned wages, resulting in increased injury and pain and suffering to Plaintiff.

20.  As a result of the negligence of the Defendant Lundquist, Plaintiff has suffered injuries and damages and is entitled to all the injuries and damages he has suffered in excess of $75,000, the exact amount to be proven at trial.

## COUNT IV (UNSEAWORTHINESS)

21. Plaintiff realleges and incorporates by reference his allegations set forth in paragraphs 1 through 20 above.

22.  At the time of Plaintiff's injuries, the F/V KOOSHDA-KAA was unseaworthy because the gangway upon which Plaintiff fell is deemed an appurtenance of the vessel, and was in an unseaworthy condition.

23.  As a result of the unseaworthiness of the F/V KOOSHDA-KAA, Plaintiff was injured and Defendant Lundquist is liable to the Plaintiff for all injuries and damages which he has sustained, all in excess of $75,000, the exact amount to be proven at trial.

## COUNT V (COMMON LAW NEGLIGENCE)

24. Plaintiff realleges and incorporates by reference his allegations set forth in paragraphs 1 through 23 above.

25.  The gangway upon which Plaintiff was injured on or about July 19, 2004, was owned, operated, or provided by or under the control of Defendant Inlet Fish Producers, Inc., and/or Defendant Wild Pacific Salmon, Inc.

26.  The gangway upon which Plaintiff fell was in a state of disrepair and created an unreasonable risk of harm.

27.  Defendants Inlet Fish Producers, Inc. and Wild Pacific Salmon, Inc. had a duty to protect Plaintiff from unreasonable risks of harm on property they leased and and/or operated.

28.  Defendants Inlet Fish Producers, Inc. and Wild Pacific Salmon, Inc. breached their duty to protect Plaintiff against unreasonable risk of harm on property they leased and/or operated.

29.  As a result of the negligence of Defendants Inlet Fish Producers, Inc. and Wild Pacific Salmon, Inc., Plaintiff suffered injuries and Defendants Inlet Fish Producers, Inc. and Wild Pacific Salmon, Inc. are liable to the Plaintiff for all the injuries and damages he has sustained, all in excess of $75,000, the exact amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

1.  For judgment against Defendant George R. Lundquist for maintenance, cure, unearned wages, attorney's fees, and the damages Plaintiff has sustained and

will sustain in the future, including but not limited to, past and future medical expenses, past and future lost earnings, impaired loss of earning capacity, physical and emotional pain and suffering, and loss of enjoyment of life.

2. For judgment against Defendants Inlet Fish Producers, Inc., and Wild Pacific Salmon, Inc. for the damages Plaintiff has sustained and will sustain in the future including but not limited to, past and future medical expenses, past and future lost earnings, impaired loss of earning capacity, physical and emotional pain and suffering, and loss of enjoyment of life.

3. For judgment against all Defendants for litigation costs, attorney's fees and interest, and for such other and further relief as the court may deem just and proper.

Dated this 17th day of July 2006, at Anchorage, AK 99501

MATTHEWS & ZAHARE, P.C.
Counsel for Plaintiff

By s/Thomas A. Matthews
Thomas A. Matthews, ABN:  8511179
Kenneth G. Schoolcraft, Jr., ABN: 8310146
Matthews & Zahare, P.C.
431 W. 7th Ave., Suite 207
Anchorage, Alaska  99501
Phone: (907)276-1516
Fax:   (907)276-8955
tom.matthews@matthewszahare.com
ken.schoolcraft@matthewszahare.com